UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVENSON SMITH,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          No. 4:10CV2002 HEA
                                          )
UNITED STATES POSTAL SERVICE,             )
                                          )
                    Defendant.            )

## OPINION, MEMORANDUM AND ORDER

In this action brought pro se under the Rehabilitation Act, 29 U.S.C. §§ 701 et

seq., plaintiff sues his employer, the United States Postal Service ("USPS"), for

disability discrimination. In his complaint, plaintiff asserts that the USPS failed to

accommodate his unnamed disability, which allegedly requires limitations on how

long he can stand, walk and lift. Plaintiff does not indicate in his complaint whether

he has pursued his claim through the EEO administrative process. Because plaintiff

has not pleaded an actual disability and he has not indicated compliance with the EEO

administrative process, the Court will dismiss his complaint without prejudice.

### Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed

in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.

A claim of failure to accommodate in the context of an employment action is a "separate form of prohibited discrimination." Peebles v. Potter, 354 F.3d 761, 766 (8th Cir.2004). Under the Act, discrimination occurs if a covered entity fails to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business. Id. In order to plead a failure to accommodate claim a plaintiff must first allege that he is disabled; that he is qualified to perform the essential functions of the job with or without reasonable accommodation; and that he suffered an adverse employment action due to the disability. Id. In this case, plaintiff has completely failed to identify his alleged disability. Accordingly, his lawsuit fails to state a claim upon which relief can be granted.

Plaintiff's complaint is also subject to dismissal for a second reason. A plaintiff who wishes to institute a civil action against a federal agency for employment discrimination under the Rehabilitation Act must first exhaust his administrative remedies. See 42 U.S.C. § 2000e-16(c); United Air Lines v. Evans, 431 U.S. 553, 555 (1977); 29 U.S.C. § 794a(a)(1) (procedures for Title VII claims applicable to claims under Rehabilitation Act); Morgan v. USPS, 798 F.2d 1162, 1165 (8th Cir. 1986).

As a general rule, non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court. Before filing a formal complaint, an

individual alleging discrimination under the Rehabilitation Act must try to resolve the matter "informally" by contacting an EEO counselor within 45 days of the date on which the alleged discrimination occurred. 29 C.F.R. § 1614.105 (1997). There is no indication that plaintiff has engaged in the administrative process, which he must do before attempting to litigate the matter in federal court. As such, his complaint is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of November, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE